UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AUDREY PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | 20 C 3333 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| UNITED AIRLINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Audrey Phillips brought this suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, against her former employer, United Airlines, Inc., alleging race discrimination, sex discrimination, and retaliation for reporting discrimination. Doc. 1. With discovery concluded, United moves for summary judgment on all claims. Doc. 47.

United hired Phillips, a Black woman, as an information technology project manager in September 2017. Doc. 55 at ¶ 7; Doc. 61 at ¶¶ 1, 10. Phillips reported to Jeffrey Skains. Doc. 61 at ¶ 1. In mid-2018, Skains conducted an evaluation of Phillips's performance in which he praised her as "doing a great job managing the project team and her IT counterparts." *Id*. at ¶ 7. Skains also identified areas for improvement, including Phillips's "very direct communication style." Doc. 55 at ¶ 15. At the end of 2018, Skains and his supervisor, Terri Zurek, conducted a performance review in which Phillips received an overall rating of "partially meets expectations." *Id*. at ¶ 34. Skains placed Phillips on a "Performance Improvement Plan." Doc. 61 at ¶ 27. In Spring 2019, Skains recorded that Phillips was partially meeting the Performance Improvement Plan goals. Doc. 55 at ¶ 56. In mid-2019, Skains, in consultation with Zurek, decided to terminate Phillips's employment. Doc. 55 at ¶ 59.

1

As to the sex discrimination and retaliation claims, United argues that Phillips does not adduce evidence sufficient to create a genuine factual dispute as to whether there was a causal connection between either her sex or any protected activity, on the one hand, and United's decision to terminate her, on the other. Doc. 49 at 6-10, 12-13. Phillips does not respond to those arguments, Doc. 57, thereby forfeiting her sex discrimination and retaliation claims. *See Nichols v. Mich. City Plant Plan. Dep't*, 755 F.3d 594, 600 (7th Cir. 2014) ("The non-moving party waives any arguments that were not raised in its response to the moving party's motion for summary judgment."); *Keck Garrett & Assocs. v. Nextel Commc'ns, Inc.*, 517 F.3d 476, 487 (7th Cir. 2008) ("Nextel specifically requested summary judgment on the quantum meruit claim. Keck Garrett, however, did not defend that claim in its reply to Nextel's motion for summary judgment. By failing to present its argument to the district court, Keck Garrett abandoned its claim."); *Salas v. Wis. Dep't of Corr.*, 493 F.3d 913, 924 (7th Cir. 2007) ("[A] party forfeits any argument it fails to raise in a brief opposing summary judgment."); *Witte v. Wis. Dep't of Corr.*, 434 F.3d 1031, 1038 (7th Cir. 2006) ("By failing to raise [an argument] in his brief opposing summary judgment, [the plaintiff] lost the opportunity to urge it in both the district court and this court."), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965, 967 n.1 (7th Cir. 2013).

Phillips's three-page opposition brief, Doc. 57, responds, just barely, to United's argument for summary judgment on her race discrimination claim, Doc. 49 at 6-10. Under the framework set forth in *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760 (7th Cir. 2016), a Title VII claim survives summary judgment if the plaintiff presents evidence that, considered as a whole, would allow a reasonable jury to find that her protected characteristic or activity caused the adverse employment action. Such evidence can include facts showing "that similarly-

situated employees outside the protected class received systematically better treatment." *Boss v. Castro*, 816 F.3d 910, 917 (7th Cir. 2016). United focuses its arguments on the *McDonnell Douglas* burden-shifting framework, Doc. 49 at 6-11, but that framework is just one way that the record can enable a reasonable jury to find discrimination. *See Volling v. Kurtz Paramedic Servs., Inc.*, 840 F.3d 378, 383 (7th Cir. 2016) (noting that *McDonnell Douglas* provides "a common, but not exclusive, method of establishing a triable issue of intentional discrimination") (internal quotation marks omitted). The court therefore must not limit its analysis to *McDonnell Douglas*, but rather "must consider the evidence as a whole in deciding whether to grant summary judgment." *Terry v. Gary Cmty. Sch. Corp.*, 910 F.3d 1000, 1004-05 (7th Cir. 2018).

Considering the record as a whole, Phillips has adduced sufficient circumstantial evidence of disparate treatment to save her race discrimination claim from summary judgment. In a declaration submitted with her opposition, Phillips avers that Skains did not "criticize[] or discipline[]" two of her South Asian male colleagues, Ramesh Kumar and Sheetal Jihram (also referred to by United as Sheethal Jayaran, Doc. 60 at 9 n.1), despite their poor performance. Doc. 58 at ¶ 17. Phillips further avers that Skains publicly criticized her, placed her on the Performance Improvement Plan, and ultimately fired her "for failings that … were far less significant than the failings that [Skains] attributed to [Kumar]." *Id*. at ¶ 16. Specifically, although Kumar had failed to complete major tasks on a project, which Skains characterized as "in distress" when he reassigned it to Phillips, *id.* at ¶¶ 5, 6, Phillips was blamed for problems that arose after the project was completed, *id.* at ¶ 9. Similarly, Phillips avers that Jihram "disrupted" her project while she was on vacation, but that Skains "never criticized or disciplined" him. *Id.* at ¶ 6. Additionally, Phillips avers that her Performance Improvement Plan mentor advised her "on how to be less 'Black' and to avoid culturally offending" Skains. *Id*. at

3

¶ 19. This evidence suffices to raise a genuine fact dispute over whether Phillips's race caused her termination. *See Humphries v. CBOCS W., Inc.*, 474 F.3d 387, 406 (7th Cir. 2007) (holding that evidence of the employer's differential treatment of another employee who committed similarly wrongful conduct warranted the denial of summary judgment because the other employee had the same position, duties, supervisor, and ultimate decisionmaker as the plaintiff), *aff'd on other grounds*, 553 U.S. 442 (2008).

United argues that much of Phillips's declaration as inadmissible under the "sham affidavit" rule. "A 'sham affidavit' is an affidavit that is inadmissible because it contradicts the affiant's previous testimony … unless the earlier testimony was ambiguous, confusing, or the result of a memory lapse." *Cook v. O'Neill*, 803 F.3d 296, 298 (7th Cir. 2015). United fails to identify a direct conflict between Phillips's deposition testimony and material averments in her declaration. Instead, United's primary argument is that Phillips offered more detail on certain subjects in her declaration than when she was questioned about those subjects at her deposition. Doc. 61 at ¶¶ 4-6, 29-35, 37. But the fact that a party provides more detail in a declaration than at her deposition, without more, does not subject the declaration to the sham affidavit rule. *See Cook*, 803 F.3d at 298 ("[The] affidavit was amplification rather than contradiction, and so was not within the 'sham' exclusionary rule."). Phillips's declaration is therefore properly considered as part of her summary judgment opposition. *See United States v. Funds in the Amount of $271,080*, 816 F.3d 903, 908 (7th Cir. 2016) (holding that the sham affidavit rule did not apply where "there [were] no 'contradictions so clear that the only reasonable inference was that the affidavit was a sham designed to thwart the purposes of summary judgment'") (quoting *Castro v. DeVry Univ., Inc.,* 786 F.3d 559, 571 (7th Cir. 2015)).

United also argues that the material assertions in Phillips's declaration are inadmissible because they are conclusory, are not made on personal knowledge, or are hearsay. Doc. 60 at 8-10; Doc. 61 at ¶¶ 29-33. Those arguments are meritless as well. The declaration in pertinent part is not conclusory, but instead contains sufficient observations made from Phillips's personal knowledge to satisfy Civil Rule 56(c)(4) and Evidence Rule 602. *See Visser v. Packer Eng'g Assocs., Inc.*, 924 F.2d 655, 659-60 (7th Cir. 1991) (en banc) (explaining that testimony "in a civil rights case to racial slurs or acts of discrimination … is admissible because it is based on observation and other grounds of personal knowledge"). As for the portions of the declaration pertaining to the statements made by Phillips's Performance Improvement Plan mentor instructing her on how to be "less Black," Doc. 58 at ¶¶ 13-14, 19, those statements are not offered for the truth of the matter asserted and therefore are not hearsay. *See* Fed. R. Evid. 801(c)(2); *see Baines v. Walgreen Co.*, 863 F.3d 656, 662-63 (7th Cir. 2017) (holding that a command to a subordinate employee was not hearsay); *Luckie v. Ameritech Corp.*, 389 F.3d 708, 716 (7th Cir. 2004) (holding that a statement offered to show the state of mind of a supervisor at the time she evaluated an employee was not hearsay). In any event, out-of-court statements made by a defendant's employee involved in the process leading up to an employment decision are not hearsay even if offered for the truth of the matter asserted, as Evidence Rule 801(d)(2)(D) excludes from the hearsay rule a "statement … offered against the opposing party [that] … was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2)(D); *see Makowski v. SmithAmundsen LLC,* 662 F.3d 818, 823 (7th Cir. 2011) (holding that because "[t]he plaintiff's manager was involved in the decisionmaking process affecting the employment action … her

statement [was] an admission under Rule 801(d)(2)(D)" and thus admissible at summary judgment); *Simple v. Walgreen Co.*, 511 F.3d 668, 672 (7th Cir. 2007) (similar).

In sum, a reasonable jury could conclude on the summary judgment record that Phillips was terminated because of her race. Other record evidence supports United's view that Phillips's termination had nothing to do with her race, but at this stage the court must construe the record and draw all reasonable inferences in Phillips's favor. *See Johnson v. Advoc. Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018). As a result, summary judgment as to the race discrimination claim is denied.

September 15, 2021

_____
United States District Judge